KATHERINE LEAMY, as Executrix of ROBERT J. LEAMY, Deceased, Plaintiff, v. BERKSHIRE LIFE INSURANCE COMPANY, Defendant. (Action No. 1) KATHERINE LEAMY, Respondent, v. BERKSHIRE LIFE INSURANCE COMPANY, Appellant. (Action No. 2) — Appeal from a judgment of the Supreme Court at Trial Term, entered January 10, 1974 in Otsego County, upon a verdict in favor of the plaintiff in Action No. 2. As the beneficiary on a $40,000 life insurance policy allegedly purchased by Robert J. Leamy, her now deceased husband, the plaintiff was awarded judgment herein in the sum of $54,537.98, including interest, unearned premium, and costs and disbursements. Now,

the defendant insurance company challenges this award on appeal and argues, *inter alia,* that it should not be liable under the policy which should be rescinded because of material misrepresentations made by Mr. Leamy. We agree with the defendant. It is uncontested that in 1962 Mr. Leamy was hospitalized for over two weeks as a result of severe dizziness, and yet, on his application for insurance dated November 15, 1968, he answered "no" to a question as to whether he had ever had or been treated for dizzy spells. Furthermore, during the period between December 20, 1968 and January 20, 1969, he signed an amendment to his application which stated that "no changes have occurred" in the general state of his health as set out in the application, even though he had been hospitalized on December 19, 1968 following a seizure which resulted in the left side of his face seeming "to pull in opposite directions" and his blacking out. By these failures to disclose, Mr. Leamy deprived the insurance company of "freedom of choice in determining whether to accept or reject the risk." (*Vander Veer* v. *Continental Cas. Co.,* 34 N Y 2d 50, 53). Accordingly, we hold, as a matter of law, that he made misrepresentations of his health to the defendant which were material (Insurance Law, § 149; *Vander Veer* v. *Continental Cas. Co., supra*; *Wageman* v. *Metropolitan Life Ins. Co.,* 24 A D 2d 67, affd. 18 N Y 2d 777) and, therefore, the judgment of the trial court must be reversed. Judgment reversed, on the law and the facts, and complaint dismissed, with the direction that the premium paid by the deceased with interest thereon be refunded to the plaintiff, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.